UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONOVAN OVERBY, | ) |
|        Petitioner, | ) |
| v. | )   No. 4:19 CV 2774 DDN |
| MICHELLE BUCKNER, | ) |
|        Respondent. | ) |

**MEMORANDUM AND ORDER**

Habeas petitioner Donovan Overby moves for an order authorizing him to conduct discovery regarding his federal Ground 5, which alleges his trial attorney rendered constitutionally ineffective assistance by not developing at trial that he and the alleged victim were not living together when the crimes were allegedly committed, and Ground 6, which alleges his trial counsel failed to impeach the victim at trial with prior inconsistent statements. (Doc. 5 at 1 and 2.) Petitioner argues that these grounds allege facts which, if true, entitle him to relief under 28 U.S.C. § 2254.  He argues that in order to properly litigate these grounds, "it is necessary that petitioner be permitted to conduct discovery." (*Id.* at 2.)

Petitioner's motion for authorization to conduct discovery overlooks the basic, relevant procedural principles that apply in a federal habeas action.  Generally, Congress requires that before litigating his federal habeas grounds in this case, petitioner must have exhausted his remedies for them in the Missouri state courts. *See* 28 U.S.C. § 2254(b)(1)(A).  For those grounds that were ruled by the Missouri courts, federal habeas relief is available only if the state court decision or decisions were based on (a) an unreasonable application of clearly established federal law or (b) an unreasonable determination of the relevant facts in light of the evidence presented in the state court proceeding.  *See*  28 U.S.C. § 2254(d).  The United States Supreme Court has held review of state court decisions is limited to the record presented in the state court that rejected the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).  Here, both Ground 5 and

Ground 6 were presented in State court, received a merits decision reasonably entitled to deference, and must be reviewed only on the record Overby presented in state court.

Further, the discovery petitioner indicates he seeks might be relevant if he is entitled to an evidentiary hearing in this Court. Congress requires that the petitioner have developed the factual basis for his federal ground for relief when he litigated it in the state courts. If he failed to do so, Congress prohibits an evidentiary hearing in this Court, unless the federal habeas ground involves either a new, retroactive rule of federal constitutional law or the facts of the ground could not have been previously discovered through due diligence. And the burden is on petitioner to establish his entitlement to an evidentiary hearing in this Court. *See* 28 U.S.C. § 2254(e).

Petitioner's motion, while asserting generally that the allegations in his federal Grounds 5 and 6 are legally sufficient for relief, does not establish his entitlement to conduct discovery or an evidentiary hearing in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to conduct discovery is **denied**.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 22, 2020.

~3~