# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONOVAN OVERBY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:19-CV-02774-DDN ) |
| MICHELE BUCKNER, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM

Before the court is the petition of Missouri state prisoner Donovan Overby for a writ of habeas corpus under 28 U.S.C. § 2254.  The parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c).  For the reasons discussed below, the petition for a writ of habeas corpus is denied.

## BACKGROUND

On October 27, 2014, Donovan Overby was convicted of one count of first-degree child molestation and four counts of statutory sodomy. (Doc. 13, Ex. 17, at 4.)  The Missouri Court of Appeals affirmed petitioner's convictions and issued its mandate on November 10, 2015. (*Id.* at 5.)  Petitioner subsequently filed a motion for post-conviction relief on December 8, 2015. (*Id.* at 3.)  On November 29, 2016, the post-conviction relief court held an evidentiary hearing during which petitioner's trial counsel, Donna Holden, was examined about her trial strategy.  On August 8, 2017, the post-conviction review court denied petitioner's motion for relief. (*Id.* at 13.)  The Missouri Court of Appeals summarily affirmed the denial for relief and issued its mandate on December 6, 2018. (*See* Doc. 13, Ex. 20, at 1-3.)  On October 15, 2019, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)  On October 8, 2020, petitioner filed an amended petition for habeas relief.  (Doc. 27.)

The Missouri Court of Appeals, in its decision on appeal from the denial of post-conviction motion relief, described the relevant facts indicated by the record thus:

Although the parties know the case background, we quote from our unpublished direct-appeal affirmance of Appellant's convictions:

Victim was born in 1990. Defendant is his stepfather. Defendant began sexually abusing Victim when Victim was six or seven years old. In 2013, Victim spoke with law enforcement, and Defendant was later charged with six counts of first-degree statutory sodomy and two counts of first-degree child molestation.

On the Friday prior to the trial date, the prosecution provided additional documents to Defendant's attorney, Donna Holden ("trial counsel"). Trial counsel, believing she needed a continuance in order to investigate and defend against the new evidence, discussed the issue with Defendant. Defendant did not want a continuance. After discussing the ramifications of proceeding to trial or getting a continuance, Defendant agreed to waive his right to a jury trial in exchange for the prosecution's agreement not to use the newly disclosed evidence at trial. Defendant signed a written waiver of his right to a jury trial which was filed with the court. On the morning of trial, the parties made a record regarding Defendant's waiver of his right to a jury trial. Defendant affirmed he had discussed the issue with his attorney. Defendant stated he understood that if he had a jury trial, 12 people would have to agree that he was guilty. Defendant also stated he understood that if he waived his right to a jury trial, the judge alone would decide whether he was guilty. Defendant then affirmed he wanted to waive his right to a jury trial in this case. The trial court accepted Defendant's waiver, and the case proceeded to a judge-tried trial.

After hearing evidence, the trial court found Defendant guilty of four counts of first-degree statutory sodomy and one count of first-degree child molestation.

(Doc. 13-12 at 2 n.1.)

## PETITIONER'S CLAIMS FOR FEDERAL HABEAS RELIEF

In his original petition, Overby alleges six grounds for relief:

1. Trial counsel rendered constitutionally ineffective assistance by advising and coercing petitioner to waive his right to a jury trial.

2. The trial court erred in accepting his waiver of a jury trial because petitioner did not do so knowingly and intelligently.

3. Trial counsel rendered constitutionally ineffective assistance by failing to interview and call as a witness Bob Smith, a Callaway County Sheriff's Office Investigator.

4. Trial counsel rendered constitutionally ineffective assistance by failing to interview and call as a witness the Police Chief of Crocker, Missouri.

> 5. Trial counsel rendered constitutionally ineffective assistance by failing to present evidence showing that the victim and petitioner were not living together at the times the state alleged Ground the acts occurred.
>
> 6. Trial counsel rendered constitutionally ineffective assistance by failing to properly impeach the victim about prior inconsistent statements made during the preliminary hearing and deposition.

(Doc 27, Ex. 1, at 1.) [1]

Respondent argues that Ground 2 is procedurally barred because it was not preserved at trial. (Doc. 10, at 12-13.) Respondent also argues that Grounds 4 and 5 are procedurally barred due to petitioner's failure to present each of them on appeal from the denial of post-conviction relief. (*Id.* at 14-15.) On the remaining grounds, respondent argues that this Court should defer to the reasonable judgment of the state courts. (*Id.* at 11-15.)

## **EXHAUSTION AND PROCEDURAL BAR**

Congress requires that state prisoners exhaust their state law remedies for grounds alleged in federal habeas petitions. *See* 28 U.S.C. § 2254(b)(1). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Generally, a state prisoner who has not preserved a claim according to state law procedural rules has not satisfied this "exhaustion" prerequisite even if there is no further "available procedure" to raise the claim. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). To avoid a procedural default, a state prisoner must "fairly present" the claim to the state trial and appellate courts. *See Deck v. Jennings*, 978 F.3d 578, 581 (8th Cir. 2020).

Procedural default will only be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. . . ." *Coleman*, 501 U.S. at 750. "'Cause' . . . must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753. Generally, ineffective assistance of post-conviction counsel cannot be "cause" that excuses a procedural default. *Id.* at 752. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court crafted a narrow exception to this rule. If the post-conviction review court is a

---

[1] On October 8, 2020, petitioner through counsel filed an amended petition for a writ of habeas corpus. From the Court's examination, the amended petition differs in no respect from his original petition.

- 3 -

prisoner's first opportunity to raise a claim for relief, ineffective assistance of post-conviction counsel may constitute cause to excuse the procedural default. *Id.* at 19.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief can be granted by a federal court on a claim that has been decided on the merits by a state court, only if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established law if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 48. This standard is difficult to meet because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Federal habeas authority is reserved for "cases where there is no possibility fairminded jurists could disagree." *Id.*

A state court's factual findings are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review of factual findings under § 2254(d)(2) is limited to the record before the state court that adjudicated the claim on the merits. *See Cullin v. Pinholster*, 563 U.S. 170, 181 (2011). For habeas relief, § 2254(d)(2) requires clear and convincing evidence that factual findings lack evidentiary support. *See* 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

In five of his grounds petitioner alleges ineffective assistance of counsel, in violation of the Sixth Amendment. Under *Strickland v. Washington*, state prisoners are entitled to federal

habeas relief upon showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. 668, 686 (1984).

To prevail on an ineffective assistance of counsel claim, petitioner must prove two elements. First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." *Id.* 687-88.  There is a strong presumption that counsel has rendered constitutionally effective assistance. *Id.* at 690.  Counsel's strategic choices made after thorough investigation are virtually unchallengeable. *Id.* at 690-91.  Additionally, decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. *Id.*

Second, petitioner must demonstrate actual prejudice by counsel's deficient performance. *Id.* at 687.  "[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696.

When a state prisoner claims ineffective assistance of counsel on federal habeas review, the federal court must apply a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2012).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonably argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

## DISCUSSION

### Ground 1

The Sixth Amendment guarantees criminal defendants a right to a trial in front of an impartial jury.  However, defendants can waive their right to a jury trial if they do so "voluntarily, knowingly, and intelligently." *Dranow v. United States*, 325 F.2d 481, 482 (8th Cir. 1963) (citing *Patton v. United States*, 281 U.S. 276 (1930)).  Whether a defendant has validly waived his right to trial by jury is a determination dependent on the unique circumstances of each case. *United States v. Guide*, 891 F.3d 744, 748 (8th Cir. 2018) (citing *Adams v. United States ex rel. McCann*, 317 U.S. 269, 278 (1942)).  In Ground 1, petitioner argues that his trial counsel was ineffective for withholding information that was material to his decision to waive his right to a jury trial. (Doc. 24, at 32.)  Furthermore, petitioner asserts that trial counsel's withholding information rendered

him ignorant such that he did not waive his constitutional right "knowingly" or "intelligently." (*Id.* at 40.)

Petitioner's first argument arises out of events that occurred on the eve of trial. Three days prior to petitioner's trial, trial counsel received 180 pages of additional discovery from the State. (Doc. 13, Ex. 14, at 9.) This late discovery included records which discussed a 1994 Department of Family Services investigation ("DFS Report") into petitioner involving allegations of sexual abuse of another minor. (*Id.*) Concerned that these records would have a prejudicial effect on the jury, trial counsel told petitioner that she could not competently represent him unless she had more time to investigate the referenced allegations. (Doc. 13, Ex. 11, at 25.) However, petitioner objected to any further delay. (Doc 13, Ex. 14, at 9-10.) Petitioner's resistance led trial counsel to negotiate a deal with the State: if petitioner waived jury trial, the State would neither introduce the records into evidence nor call the victim's mother to testify. (Doc. 13, Ex. 17 at 9.) Trial counsel then explained the State's offer and jury waiver to petitioner and recommended that he agree to the deal. (*Id.* at 9-10.) Petitioner agreed to the deal and signed a written waiver that day. (*Id.* at 10; *see also*, Doc. 13, Ex. 11, at 53-56.)

Petitioner asserts that, prior to his trial, trial counsel learned that the DFS Report had been destroyed and failed to inform him that it would not be available to investigate. (Doc. 24, at 35-38.) Petitioner argues that this information would have been material to his decision to waive a jury trial because the sole purpose of having a bench trial was to avoid the need for a continuance so that trial counsel could investigate the DFS Report. (*Id.*) Once trial counsel discovered that the report was unavailable, there was no need to conduct any further investigation. (*Id.* at 36.)

Petitioner misreads the record. While trial counsel testified that she discovered that the records would not be available for the trial as scheduled, the exact nature of that unavailability was uncertain.[2] (Doc. 13, Ex. 11, at 46.) While the DFS Report would not be available for the trial as scheduled, there is no evidence supporting petitioner's contention that trial counsel did not believe it could be discovered with a proper investigation. Regardless, it is clear from trial counsel's testimony that the non-availability of the underlying records was immaterial to her need to investigate the late discovery further. (*See* Doc. 13, Ex. 11, at 47.) Even if she did not have the

---

[2] "And she had indicated to me that they no longer had it, that that [sic] information had been shredded, archived, whatever they do, but it was no longer there." (Doc. 13, Ex. 11, at 46.)

DFS Report, she would still need to "flesh out" the underlying allegations in order to properly rebut the State if the late discovery was received into evidence. (*Id.*)

Similarly, there is little evidentiary support for petitioner's claim that trial counsel did not inform him that she discovered the DFS Report was unavailable. Trial counsel testified that she believed that she had informed petitioner about the unavailable records. (*Id.* at 47.) During his post-conviction deposition, petitioner was not questioned about his knowledge of the unavailable status of the records. (*See* Doc. 13, Ex. 13, 7-55.) In his traverse, petitioner points to no direct evidence contradicting trial counsel's memory. (*See* Doc. 24, at 36-38.) Instead, petitioner asks this court to infer that trial counsel misled him based on the transcript of trial counsel's on-the-record questioning of petitioner about his rationale for waiving a jury trial. (*Id.*) Contrary to petitioner's argument, the transcript is ambiguous as to petitioner's knowledge of the DFS Records. (*See* Doc. 13, Ex. 2, at 9-10.) While petitioner's interpretation is not implausible, the transcript also supports trial counsel's belief that she informed petitioner that the records would not be available for the trial that morning but that she would need to investigate further into the allegations unless the late discovery was excluded from evidence. (*See* Doc. 13, Ex. 11, at 47.)

The post-conviction relief motion court did not make a specific factual finding on this issue, but it did make a general finding that trial counsel had effectively informed petitioner of his right to trial by jury. (Doc. 13-12, at 4-5 (as quoted and affirmed by Missouri Court of Appeals.) On federal review of the state courts' factual findings, the state prisoner has the burden to prove that the state courts erred by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). As to petitioner's knowledge of the DFS Reports and the materiality of their unavailability to trial counsel's need to investigate, petitioner has not met the burden demanded by § 2254(e)(1). Since there is a plausible argument that the state court failed to make a factual finding on these specific issues, this court also finds that petitioner failed to meet his burden of proof.

Even if petitioner were able to prove that trial counsel did not inform him of the unavailability of the DFS Report, petitioner would still need to prove that this information would have been material to his decision to waive a jury trial. Contrary to petitioner's insistence that waiving jury trial was solely designed to avoid another continuance, the Missouri Court of Appeals affirmed the finding of the motion court that petitioner was also motivated by the desire to exclude the victim's mother's testimony. (Doc. 13-12, at 4-5.) This finding is supported by the record. During the post-conviction evidentiary hearing, trial counsel testified extensively about her efforts

to avoid exposing the jury to other sexual abuse allegations against petitioner. (Doc. 13, Ex. 11, at 30-34, 48-53, 76-77.) The victim's mother presented a unique challenge. She was uncontrollable and, despite an earlier order limiting the scope of her testimony, trial counsel was confident that she would bring up other accusations against petitioner. (*Id.* at 26-27, 51-53, 70-72.) Due to these concerns, the post-conviction review court found that trial counsel's recommendation was a reasonable trial strategy entitled to deference. (Doc. 13, Ex. 17, at 10.)

Petitioner argues that the Missouri Court of Appeals unreasonably applied *Strickland* because it failed to consider "all of the circumstances" when assessing the reasonableness of trial counsel's strategy. (Doc. 24, at 34.) Specifically, petitioner argues that the court failed to consider the impact of a pretrial order that excluded evidence of other allegations against petitioner and restricted the scope of the victim's mother's testimony. (*Id.* at 39.) Petitioner argues that these orders had already eliminated the opportunity for other allegations against petitioner to be received into evidence, so the State's deal presented no benefit for petitioner except to avoid a continuance. (*Id.* at 39-40.) Thus, according to petitioner, the reasonableness of trial counsel's strategy cannot be based on her desire to exclude the late discovery or the victim's mother's testimony. (*Id.* at 38-39.)

Contrary to petitioner's argument, the Missouri Court of Appeals explicitly considered the prior order but motion court's crediting of trial counsel's testimony that the victim's mother was uncontrollable. (Doc. 13-12 at 4-5.) As discussed above, this finding is supported by substantial evidence.

In addition to excluding the victim's mother's testimony, the State's offer enabled petitioner to eliminate any chance the State could use the late discovery to prejudicial effect. (*Id.*) In his traverse, petitioner assumes that the trial court's earlier order excluding certain evidence of extraneous allegations against the petitioner would automatically apply to late discovery that referenced the DFS Report. (Doc. 24, at 39-40). It is not clear that the court's pretrial order would cover these records. Instead of granting trial counsel's request to broadly exclude all evidence of extraneous allegations against petitioner, the trial court only granted exclusion of the specific items of evidence listed in the motion. (*See* Doc. 10-2, Ex. 5, at 27, 34.) Given this specificity, trial counsel had reasonable grounds to believe that the late discovery she received would not be covered by the prior order. The State's offer guaranteed that a jury would not be exposed to these prejudicial records.

With ineffective assistance of counsel claims fully adjudicated in the state courts, this court must apply a doubly deferential standard of review. *See Burt*, 571 U.S. at 15. There is substantial support for trial counsel's concerns that extraneous sexual abuse allegations would make it into the trial by way of the victim's mother's testimony or the late discovery. Thus, the deal had value for petitioner. The record supports the finding that trial counsel was effective when she recommended that petitioner accept the State's offer and waive a jury trial. As such, this court cannot say that the state courts' analysis of *Strickland*'s first prong was unreasonable.

Petitioner's argument that he was prejudiced is similarly meritless. On the morning of petitioner's trial, trial counsel questioned petitioner about his decision to waive a jury trial and about the differences between jury and bench trials. (*See* below at 10-11.) Both the state trial and court of appeals found that petitioner understood the implications and consequences of a jury waiver. (Doc. 13-12 at 4-5.) Petitioner argues that trial counsel's withholding of information material to his decision to waive rendered him ignorant of his constitutional right to trial by jury. (Doc. 24, at 40.) Petitioner misunderstands what is required to be "knowing" and "intelligent" in the context of a jury waiver.

The Court of Appeals for the Eighth Circuit recently held that "a defendant is sufficiently informed to make an intelligent waiver if he was aware that a jury is composed of 12 members of the community, he may participate in the selection of the jurors, the verdict of the jury must be unanimous, and that a judge will decide guilt or innocence should he waive his jury trial right." *United States v. Williams*, 951 F.3d 892, 900 (8th Cir. 2020). As more thoroughly discussed below regarding Ground 2, petitioner clearly understood the basic differences between a jury and a bench trial. He does not dispute that he understood these differences. Thus, under *Williams*, petitioner waived a jury trial "knowingly" and "intelligently."

This court must affirm the findings of the state courts unless petitioner has demonstrated that there is no reasonable argument that counsel satisfied *Strickland*'s deferential standard. *See Harrington*, 562 U.S. at 105. Petitioner has not met this burden. Ground 1 is without merit.

**Ground 2**

In Ground 2, petitioner argues that the trial judge erred by accepting petitioner's waiver of his right to a jury trial. (Doc. 24, at 41.) Respondent argues that Ground 2 is procedurally barred because petitioner failed to preserve the claim at trial. (Doc. 10, at 12-13.) Despite this default,

the state appeals court reviewed petitioner's claim for plain error. (Doc. 10, Ex. 9, at 5-7.) In *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015), the Eighth Circuit decided that a state appellate court's plain error review does not excuse a procedurally defaulted claim.  Petitioner argues that because plain error review is analyzed differently in each state, the holding in *Clark* is limited to cases arising out of North Dakota. (Doc. 24, at 25.)  Instead, petitioner argues that habeas appeals from Missouri are governed by *Bannister v. Armontrout*, 4 F.3d 1434, 1445 (8th Cir. 1993), which held that the Missouri Supreme Court's application of discretionary plain error review cures a prisoner's procedural default. (*Id.* at 25-26.)  This argument is unpersuasive.

Petitioner cites no authority for the premise that different state plain error standards of review have any impact on the federal habeas procedural bar. (*See id.* at 25.)  Nor has he cited any authority that Missouri courts treat plain error review as a cure to a procedural default. (*Id.* at 26.)  Regardless, the *Clark* court considered *Bannister* and concluded that precedent demanded a single circuit-wide rule: a state appellate court's discretionary application of plain error review does not cure a procedural default. *See Clark*, 780 F.3d at 874, 876-77. This court is bound by *Clark*.  Consequently, petitioner's second claim for relief is procedurally barred.

Even if it was not procedurally barred, petitioner's second claim is meritless.  As discussed above, *Williams* established that a criminal defendant "knowingly" and "intelligently" waives the right to jury trial if he understands the basic differences between a jury and bench trial.  Immediately before his trial, trial counsel questioned petitioner about his decision to waive jury trial in open court:

> Q [(by defense counsel)]:    Now, with regard to having a bench trial instead of a jury trial -- do you understand that if you have a jury trial, there's 12 people that are sitting in the jury box?
> A [(by petitioner)]:    Yes, ma'am.
> Q:    And that all 12 of those people must agree that you are guilty of the offenses charged?
> A:    Yes, ma'am.
> Q:    And that if we try this in front of a judge, you have one trier of fact. Do you understand?
> A:    I understand.
> Q:    Do you understand the difference between having people making a decision about what the facts are in the case and one person?
> A:    Yes, ma'am.
> Q:    All right. And in this situation you wish to proceed with having the Court be the fact finder in this case; is that right?
> A:    Yes, ma'am.

| | | |
|---|---|---|
| Q: | | And that's just one person? |
| A: | | Yes, ma'am. |
| Q: | | And you understand that whatever decision the Judge makes in this case will have the same force and effect as if 12 people had heard this case and found you guilty or not guilty? |
| A: | | That is correct. |
| Q: | | All right. Do you want to proceed today having the Court be the decision-maker with regard to what the facts are? |
| A: | | Yes, ma'am. |
| Q: | | Do you want to waive the jury in this case? |
| A: | | Yes, ma'am. |
| Q: | | Okay. Any other questions, Your Honor, that the Court has? |
| Trial Court: | | Ms. Kriebs, anything further? |
| A [(by prosecutor)]: | | No, Your Honor. |
| Trial Court: | | All right. No, I'm satisfied. The waiver of right to jury trial is accepted by the Court. |

(Doc. 13, Ex. 2, at 10-12.)

The Missouri Court of Appeals noted that throughout the examination, in quoting from the opinion of the circuit court on the motion for post-conviction relief, petitioner never "hesitate[d] or indicate[d] any disagreement with the waiver" and found that he understood the implications and consequences of waiving jury trial. (Doc. 13-12 at 4.)  This is a reasonable interpretation of the facts in light of the evidence.

Ground 2 is without merit.

**Ground 3**

In Ground 3, petitioner alleges that his trial counsel's decision not to call Bob Smith, an investigator at the Callaway County Sheriff's office, constituted ineffective assistance of counsel. (Doc. 24, at 41.)  The decision not to call a witness is a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise. *See Hanes v. Dormire*, 240 F.3d 694, 698-99 (8th Cir. 2001). Petitioner has not met this burden.

According to petitioner, Mr. Smith would have testified that, during two 2004 interviews, the victim had previously denied being sexually abused by petitioner. (Doc. 24, at 42.)  Petitioner argues that trial counsel's exclusion of Mr. Smith's testimony was not a reasonable trial strategy because the testimony would have seriously undermined the victim's credibility. (*Id.*)  Moreover, the lapse prejudiced the result because the victim was the state's primary witness. (*Id.*)

The post-conviction motion court conducted an evidentiary hearing during which trial counsel testified about her trial strategy. (*See* Doc. 13, Ex. 11, at 7-80.) Trial counsel recounted that she reviewed the recording of Mr. Smith's interview with the victim in preparation for petitioner's trial. (*Id.* at 16-17.) However, she decided not to call Mr. Smith as a witness to avoid raising questions about other allegations against petitioner. (*Id.* at 33, 58-59.) In addition, she felt it was unnecessary because the victim admitted during his deposition and on cross-examination that he had previously denied being sexually abused by petitioner. (*See* Doc. 13, Ex. 11, at 21-22; Doc. 13, Ex. 2, at 61)

Based on trial counsel's testimony, the Missouri Court of Appeals affirmed the motion court's finding that trial counsel's decision not to interview and call Mr. Smith to testify was a reasonable strategic decision subject to deference under *Strickland*. (Doc. 13-12, at 5.) On review, this court must apply a doubly deferential standard of review to both trial counsel judgment and the state court's evaluation. *See Burt*, 571 U.S. at 15. The record supports the conclusion that trial counsel exercised reasonable judgment when she concluded that Mr. Smith's testimony would be more damaging than valuable to petitioner's case. In addition, petitioner was not prejudiced because the victim had already admitted to the substance of Mr. Smith's testimony on the record.

Consequently, the Missouri Court of Appeals reasonably applied *Strickland*. Ground 3 is without merit.

**Grounds 4 and 5**

In Ground 4, petitioner argues that trial counsel was constitutionally ineffective for failing to interview and call as a witness the Crocker, Missouri, Chief of Police. (Doc. 24, at 44-45.) According to petitioner, the chief would have testified that petitioner had previously accused the victim of selling drugs to petitioner's step-daughter. (*Id.*) Petitioner believes that excluding this testimony prejudiced him because it would have demonstrated that the victim had an ulterior motive for accusing petitioner of sexual abuse. (*Id.*)

In Ground 5, petitioner argues that trial counsel was constitutionally ineffective for failing to obtain and present the victim's mother's records from a medical facility, the victim's school records, and petitioner's electric bill from Newburg. (Doc. 24, at 46-47.) Petitioner argues that these records would overwhelmingly prove that he did not have access to the victim at the time of the alleged sexual abuse. (*Id.*)

Respondent argues that petitioner failed to raise Grounds 4 and 5 on appeal from the denial of post-conviction relief and that they are, therefore, procedurally barred from consideration. (Doc. 10, at 3.)  Petitioner has provided no reason why his failure to preserve these claims on post-conviction appeal should be excused.   Instead, he asserts that the default occurred earlier when petitioner's post-conviction relief motion counsel failed to introduce evidence related to Grounds 4 and 5 during his post-conviction hearing.  Petitioner argues that this omission constituted ineffective assistance of post-conviction counsel and that the situation is governed by *Martinez v. Ryan,* 566 U.S. 1 (2012). (Doc. 24, at 27-28.)  *Martinez* provides a narrow exception to *Coleman*'s general rule that ineffective assistance of post-conviction counsel cannot serve as "cause" to excuse a procedural default.  However, ineffective assistance of post-conviction counsel may excuse defaults made only in the post-conviction relief motion court.  *Martinez* provides no basis for excusing a procedural default on post-conviction relief appeal.  *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).

Even if these grounds were not procedurally barred, they are without merit.  For each, the Missouri Court of Appeals affirmed the post-conviction relief motion court's finding that petitioner had either presented no evidence supporting his claims or that the evidence was insufficient. (Doc. 13-12 at 5-6.)  Petitioner argues that he failed to present sufficient evidence to support these claims because his post-conviction counsel was ineffective. (Doc. 24, at 27-30, 44-48.)

To demonstrate post-conviction counsel's ineffectiveness as well as the ineffectiveness of trial counsel, petitioner asks this court to conduct an evidentiary hearing. (Doc. 24, at 44, 46-47.) Except for the narrow circumstances prescribed in § 2254(e)(2), Congress has forbidden federal courts from conducting evidentiary hearings during federal review of state habeas petitions.  *See Cullin v. Pinholster*, 563 U.S. 170, 181-82 (2011).  Neither of the two exceptions applies to petitioner's Grounds 4 and 5.  Petitioner argues that there *should* be another exception for cases in which post-conviction review counsel failed to present evidence. (Doc. 28-30.)  However, this Court is without authority to craft such an exception.  Grounds 4 and 5 must be evaluated on the record developed in the state courts.

While petitioner may not have presented sufficient evidence to persuade the state courts of his claims, there is sufficient evidence that counsel nevertheless rendered constitutionally effective assistance on these grounds.  During the post-conviction relief evidentiary hearing, trial counsel

testified about her investigation into the medical records, school records, electric bill, and the report made to the Crocker, Missouri, Police. (*See* Doc. 13, Ex. 11, 65-68.) Contrary to petitioner's assertions, trial counsel had copies of the victim's school records and referred to them while cross-examining the victim. (*Id.* at 65.) She found it unnecessary to enter the victim's school records into evidence because he had already admitted to their contents during his testimony. (*Id.* at 65-66. *See also* Doc. 13, Ex. 2, at 56-58.) The health records related to the victim's mother's temporary residence in a healthcare facility. (Doc. 13, Ex. 11, at 67-68.) Trial counsel and petitioner attempted but failed to acquire these records because they either did not exist or the facility refused to supply them. (*Id.*) Trial counsel also attempted to contact the Crocker Chief of Police and get records from petitioner's allegations against the victim. (*Id.* at 67.) However, trial counsel was told that the records did not exist. (*Id.*) When asked about the electric bill, trial counsel recalled the state's usage of a utility bill connected to Crocker, but she was not asked about any electric bill connected to Newburg nor did she discuss one. (*Id.* at 66.) Outside of trial counsel's testimony, no evidence was presented regarding Grounds 4 and 5 during petitioner's post-conviction evidentiary hearing. (*See id.* at 80-93; Doc. 13, Ex. 13, 7-55.)

With the ineffective assistance of counsel claims fully adjudicated in the state courts, this Court must apply a doubly deferential standard of review. *See Burt*, 571 U.S. at 15. This Court must affirm the findings of the state courts unless petitioner has demonstrated that there is no reasonable argument that counsel satisfied *Strickland*'s deferential standard. *See Harrington*, 562 U.S. at 105. Petitioner has not met this burden.

Contrary to petitioner's claims, the record indicates that trial counsel investigated each lead that petitioner provided to her. Several of these investigations proved futile at which point trial counsel made a reasoned decision to move on. Petitioner has not carried his burden to demonstrate that these investigations or trial counsel's choices were deficient. Nor has he shown that the result of the trial "would reasonably likely have been different absent the errors." *Strickland*, 466 U.S. 696. Grounds 4 and 5 are without merit.

**Ground 6**

In Ground 6, petitioner alleges that trial counsel failed to properly impeach the victim about inconsistent statements made during preliminary hearings, his deposition, and his trial testimony. (Doc. 24, at 48.) Contrary to this claim, the post-conviction review court found that trial counsel

was able to get the victim to admit to inconsistencies during the trial. (Doc. 13, Ex. 17, at 12.) Specifically, the victim admitted that his trial testimony differed from his preliminary hearing testimony as to the number of instances of sexual abuse. (Doc. 13, Ex. 2, at 58-60.)  The victim also admitted that during a 2004 investigation he had previously denied being sexually abused by petitioner. (*Id.* at 61.)   Based on these admissions, the post-conviction relief motion court concluded that trial counsel was effective. (Doc. 13-12 at 5-6.)  Outside of the bare assertion that trial counsel failed to impeach the victim, petitioner offers no argument why the state courts erred. (*See* Doc. 24, at 48.)

Petitioner has the burden to prove that there is no reasonable argument that counsel satisfied *Strickland*'s deferential standard. *See Harrington*, 562 U.S. at 105. Petitioner has not carried his burden.  Ground 6 is without merit.

## CONCLUSION

For the reasons set forth above, the petition of Donovan Overby for writ of habeas corpus is without merit.

Petitioner has made no substantial showing that he was deprived of a constitutional right. Therefore, a certificate of appealability is denied.  28 U.S.C. § 2253(c)(2).

An appropriate Judgment Order is issued herewith.

/s/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 14, 2022.